Curia, per

Ward law, J.
Where the person to whom an act of unlawful retailing is done, cannot be ascertained, proper certainty in the indictment might be attained by a statement of the exact time, the place, occasion, witnesses present, and other identifying circumstances; but in this case, the usual course has been pursued of stating the persons retailed to, and without this statement there is no sufficient specification of the offence charged. The same ceMiinty in the description of these persons was then essential, which is ordinarily required as to third persons, who are necessarily mentioned in an indictment — that is, certainty to a common intent, or convenient certainty. The names of such third persons are not required to be stated with greater exactness than the name of a defendant; indeed not with so much, for J. S. only, will serve as to a third person, although there be several persons of that name'— and some distinguishing addition might be requisite as to the name of the defendant in like circumstances. Bac. Abr. Indictment, G. 2. Where a third person is necessarily mentioned, and is described only by a name, any material error in the name is, however, more important than an error in the name of the defendant; the latter can be objected to only by plea in abatement, whilst the former may be a ground for acquittal on the trial, if there be a variance between the proof and the allegation, or if the error be manifest on the face of the indictment (as if a blank *175 be left for either the Christian name or the surname) judgment may be arrested or the indictment be quashed.
A third person may, however, be described by any particulars which furnish sufficient identification : and if, instead of a true name, a well known nickname to , which the person answers, an acquired name, or an addition by which such person is usually known, be used, it will be sufficient. Thus, John, parish-priest of D., was enough without the surname ; Dyer, 285; and Yictory, Baroness Turkheim, by which appellation the person injured had acted and was known, was held good, though her real name was Selina Yictoire; 2 Leach, 1005. In this case, before evidence offered, a judge wholly ignorant of the persons mentioned in the indictment, could not have known that the letters which were said to be initials, were not the names of baptism: and when the evidence was heard, it appeared that, although these letters were only initials of the true Christian names, yet that by these letters the persons designated, were called and known — that they wrote these letters for names, answered to them, and were distinguished by them. Under these circumstances, and in the general use of initials for names which prevails, it would be straining for the relief of the accused, to say that he must be presumed incapable of knowing the persons mentioned by the description which pointed them out without doubt to every body else.
Retailing may be complete by one act, or it may consist of a succession of acts. In this indictment various acts of retailing to different persons are grouped together in one count as constituting a single offence. In this there is no duplicity or misjoinder, but rather a favor to the defendant in enumerating, as aggravations or characteristic repetitions of the principal act, other acts, each of which might have been alleged as a separate offence. The State may, thereby, after acquittal or conviction, be barred from proving, upon another indictment, any acts of retailing to any of the persons named prior to the commencement of this prosecution : but no necessity thence arose of proving the retailing to more than one of these persons. One act *176 proved of those alleged, became the principal, — others, if proved, served to aggravate or characterize that.
“It is invariably sufficient to prove so much of the indictment, as shews that the defendant has committed a substantive crime therein specified.” 2 Camp. R. 585. In cases for retailing, as in almost every other prosecution, instead of the day alleged, any day before the finding of the bill may be proved. Time may be made part of the description of an offence; but where the description is sufficient, independent of time, the act charged is identified by the proof of other sufficient particulars, although the time specified be wholly departed from.
The evidence was properly left to the jury, and they seem to have taken their common sense with them into the jury box.
The motion is dismissed.
Richardson, O’Neall, Evans and Frost, JJ. concurred.
Butler, J. absent.